IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LIONRA TECHNOLOGIES LIMITED,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS, INC.,<br><br>　　　　Defendant. | Case No. 2:22-cv-305-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT CISCO SYSTEMS, INC.'S STIPULATION REGARDING INVALIDITY CONTENTIONS FOR U.S. PATENT NO. 7,921,323**

On June 12, 2023, Defendant Cisco Systems, Inc. filed petition no. IPR2023-01047 with the Patent Trial and Appeal Board ("PTAB"), requesting *inter partes* review of U.S. Patent No. 7,921,323 ("the '323 patent").

The petition asserts four grounds of invalidity: (1) claims 27–28, 31, and 33 would have been obvious over U.S. Patent Application Publication No. 2002/0059274 ("Hartsell"); (2) claims 27–28, 31, and 33 would have been obvious over Hartsell and Scott Hauck, "The Roles of FPGA's in Reprogrammable Systems," Proceedings of the IEEE, vol. 86, no. 4 (April 1998) ("Hauck"); (3) claims 27–28, 31, and 33 would have been obvious over Hartsell and U.S. Patent No. 6,496,291 ("Raj"); and (4) claims 27–28, 31, and 33 would have been obvious over Hartsell, Hauck, and Raj.

Defendant stipulates that if the PTAB institutes IPR on the ground presented in the petition, Petitioners will not pursue in the co-pending district court litigation the specific ground asserted in the petition, or any other ground that was raised or could have been reasonably raised in an IPR (*i.e.*, grounds that could have been raised under §§ 102 or 103 on the basis of prior art patent or

printed publications).  *See Sotera Wireless, Inc. v. Masimo Corp.*, No. IPR2020-00109, Paper 12 at 18–19 (P.T.A.B. Dec. 1, 2020).

In so stipulating, Cisco seeks to avoid a situation in which multiple proceedings address the validity of the challenged claims based on the same grounds.  Instead, through this Stipulation, Cisco expresses its preference that only the PTAB address the grounds of invalidity raised or that could have been reasonably raised in the IPR for these claims.

Notwithstanding this Stipulation, Cisco reserves the right to assert in this litigation any grounds or claims on which the Board declines to institute *inter partes* review.  Cisco also reserves the right to assert grounds other than the grounds raised or could have been reasonably raised in the IPR for these claims.

Dated:  August 2, 2023                                   Respectfully submitted,

*/s/ Brian Rosenthal*
Brian A. Rosenthal (lead attorney)
brosenthal@gibsondunn.com
Katherine Dominguez
kdominguez@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
Facsimile:  212.351.4035

Stuart M. Rosenberg
srosenberg@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1881 Page Mill Road
Palo Alto, CA  94304-1211
Telephone:  650.849.5300
Facsimile:  650.849.5333

Albert Suarez IV
asuarez@gibsondunn.com
Texas State Bar No. 24113094
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue, Suite 2100
Dallas, TX  75201-6912
Telephone:  214.698.3360
Facsimile:  214.571.2907


Melissa R. Smith
melissa@gillamsmithlaw.com
Texas State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257


*Attorneys for Defendant Cisco Systems, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 2, 2023, a copy of the foregoing was served electronically to counsel of record.

*/s/ Brian A. Rosenthal*
Brian A. Rosenthal